UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

Keith Martin Molineaux, Jr 30134

(Enter above the full name of the plaintiff or plaintiffs in this action). (Inmate Reg. # of each Plaintiff)

**VERSUS** **CIVIL ACTION NO.** 2:11-0811
(Number to be assigned by Court)

Laboratory Director: Soraya Mclung
West Virginia State Police Forensic Laboratory
725 Jefferson Road
South Charleston, WV 25309
(Enter above the full name of the defendant or defendants in this action)

FILED
OCT 31 2011
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

## COMPLAINT

**I. Previous Lawsuits**

A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment?

Yes ✓ No ____

B. If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline).

1. Parties to this previous lawsuit:

Plaintiffs: Keith M. Molineaux, Jr

Defendants: West Virginia State Police

2. Court (if federal court, name the district; if state court, name the county);

United State District Court, Southern District of West Virginia

3. Docket Number: 2:10-009400

4. Name of judge to whom case was assigned:

Honorable: John T. Copenhaver, Jr.

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?

part of this has Been brought to this court. dismissed after receiving "part" of a forensic report On November 15, 2010

6. Approximate date of filing lawsuit:

7. Approximate date of disposition: November 30, 2010

**II. Place of Present Confinement:** ____________________

A. Is there a prisoner grievance procedure in this institution?

Yes ______ No ✓

B. Did you present the facts relating to your complaint in the state prisoner grievance procedure?

Yes ______ No ______

C. If you answer is YES:

1. What steps did you take? ____________________

2. What was the result? ____________________

D. If your answer is NO, explain why not: Because this has nothing to do with inmate Grievance

**III. Parties**

(In item A below, place your name and inmate registration number in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)

A. Name of Plaintiff: Keith Martin Molineaux, Jr # 30134

Address: One Mountainside Way, Mt. Olive W.V 25185

B. Additional Plaintiff(s) and Address(es): ____________________

(In item C below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Use item D for the names, positions, and places of employment of any additional defendants.)

C. Defendant: Soraya McClung

is employed as: West Virginia State Police forensic Laboratory

at ______

D. Additional defendants: D.K. Francis, Stephen King and Clarence R. Lane

## IV. Statement of Claim

State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

On April 22, 2011 i filed a civil Subpoena to the West Virginia State Police Forensic Laboratory director: Soraya McClung in the circuit court of McDowell county asking for "Specific" documents in a very detail request. On May 9, 2011 I received a letter from the West Virginia State Police legal assistant Mandi Craddock. In that letter they claim my civil Subpoena was not detail enough as to the specific documents I request, it later on went to explain it's to "Broad" as it does not contain case submission numbers for these criminal cases. Well to my understanding after that situation with MR Fred S. Zain who was a law enforcement official of the West Virginia State police forensic Laboratory, every item submitted for testing was to be documented both by "ELECTRONIC DATA and as well as written Documentation" ~~stop~~ to stop problems as we have now. Everything in my legal request is very Specific and detail there is no possible reson for an "Professional" Forensic Laboratory of the State of West Virginia not to have all case submission forms numbers to pull all records of the request stated in the civil Subpoena dated April 22, 2011, other then to hid forensic reports and case submission documentation. On November 15, 2010 the West Virginia State Police forensic Laboratory handed over "PART" of forensic result to the

**IV. Statement of Claim (continued):**

United States District Court, in an effort to keep records in the dark. What was submitted to be tested at that Laboratory is not with the results handed over November 15, 2010. All of the criminal cases listed in my civil subpoena are all one case as far as evidence submitted. I wrote McDowell County circuit court and they refuse to respond. In the letter dated May 9 2011 Mandi Craddock said "please re-submit your request with more detail as to the specific documents you wish to obtain". Well it shouldn't be a problem for Miss Soraya McClung to answer my civil subpoena once they go back through there written files and electronic data.

**V. Relief**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

I am requesting for this court to order the West Virginia state police forensic Laboratory director Soraya McClung to answer my civil subpoena dated April 22, 2011 and send all copies of the original files to the court not to me to avoid any tricks and misunderstandings, and the United State District Court mails it to me. If they refuse to do so, i want all charges of these two capital murders over turn and be found innocent of these charges through an aquittal, or an dismissed of charges and a public apology. As a member of that law enforcement

**V. Relief (continued)):**

police mrs Mendi Craddock makes it clear there will be no problems in them handing over these reports in her letter May 9, 2011.

**VII. Counsel**

A. If someone other than a lawyer is assisting you in preparing this case, state the person's name:

B. Have you made any effort to contact a private lawyer to determine if he or she would represent you in this civil action?

Yes ✓ No ______

If so, state the name(s) and address(es) of each lawyer contacted:

Cant remember I wrote countless attorneys for help

If not, state your reasons:

C. Have you previously had a lawyer representing you in a civil action in this court?

Yes ______ No ✓

If so, state the lawyer's name and address:

_______________________________________________

_______________________________________________

Signed this __________ day of __________________________, 20_____.

_______________________________________________

_______________________________________________

_______________________________________________

_______________________________________________
Signature of Plaintiff or Plaintiffs

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___________________________________.
(Date)

_______________________________________________
Signature of Movant/Plaintiff

_______________________________________________
Signature of Attorney
(if any)

Laboratory Director: Sorgya McClung
West Virginia State Police Forensic Laboratory
725 Jefferson Road
South Charleston, Wv 25309

April 22, 2011

State ex rel. Molineaux v. McBride, Warden; Case No. 04-C-221 RM; Circuit Court of McDowell, County, Wv.

Dear: Director, McClung

Please be advised that your response is relative to a petition for writ of habeas Corpus pending in McDowell County, West Virginia.

Enclosed, please find a subpoena duces tecum directed you as agent for the West Virginia State Police Forensic Laboratory for copies of the documents enumerated therein. Note I ask that you hand over documents asked for in this subpoena by May 27, 2011, or, alternatively, they may be copied and mail to me before that date. Along with these egal documents I request that you send a cover letter addressing all copies of all case submission forms, reports, etc. sign by expert examiner(s) which will be mailed with answering his subpoena. By way of of this correspondence, I am notifying the W.V.S.P. Counsel Assistant Attorney General John A. Hoyer of this request.

Thank you in advance for your time and attention to this very important matter.

Sincerely yours
Keith M. Molineaux, Jr.

MM/Encl.

c. Clerk of McDowell Circuit Court (w/encl)
Honorable: R.J. Merensky, II (w/encl)
John A. Hoyer, Esq. (w/encl)

IN THE CIRCUIT COURT OF McDowell COUNTY, WEST VIRGINIA

# CIVIL CASE SUBPOENA

Keith Martin Molineaux, Jr. Plaintiff,

v. Civil Action No.: 04-C-221-RJM II

Thomas McBride, Warden Defendant.

TO: Laboratory Director: Soraya McClung
West Virginia State Police Forensic Laboratory

☐ YOU ARE HEREBY COMMANDED to appear in the Circuit Court of ____________ County at the place, date and time specified below to

☐ testify in the taking of a deposition in the above-styled case
☐ testify in a hearing in the above-styled case
☐ testify in the trial of the above-styled case

☑ YOU ARE FURTHER COMMANDED to produce and permit inspection of and copying of designated books, documents or tangible things in your possession, custody or control, as follows: See Attached

☐ YOU ARE FURTHER COMMANDED to permit inspection of premises located at ____________ on ____________ (date) at ____________ AM/PM.

Place: Date:

Time:

Issued by: Keith M. Molineaux, Jr
One Mountainside Way
Mt. Olive, WV 25185

Signature: Keith Martin Molineaux, Jr

Date: April 22, 2011

W. Va. R. Civ. P. 45(c). *Place of the examination.*- A deponent may be required to attend an examination only in the county in which the deponent resides or is employed or transacts business in person, or at such other convenient place as is fixed by an order of court.

W. Va. R. Civ. P. 45(d). *Protection of persons subject to subpoenas.*- (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The Court on behalf of which the subpoena was issued may enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings, and a reasonable attorney's fee. (2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial. (B) Subject to paragraph (e)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded. (3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it (i) fails to allow reasonable time for compliance; (ii) requires a person to travel for a deposition to a place other than the county in which that person resides or is employed or transacts business in person or at a place fixed by order of the court; (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or (iv) subjects a person to undue burden. (B) If a subpoena (i) requires disclosure of a trade secret or other confidential research development, or commercial information, or (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

W. Va. R. Civ. P. 45(e). *Duties in responding to subpoena.* - (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand. (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

State ex rel. Molineaux v. McBride, Warden; Case No. 04-C-221- RJM II;
Circuit Court of McDowell County, West Virginia.

Attachment to Subpoena Duces Tecum directed to Laboratory Director: Soraya McClung, W.V.S.P.

Documents and tangible things to be produced:

All case submission forms, evidence receipts, test results, correspondences, evidence and testing logs, memoranda, bench notes and worksheets, and any other type of documentation of any nature or type whatsoever stored in any form or medium whatsoever, including, but not limited to hard-copies, carbon copies, photocopies, microfilm or microfich, e-mails and electronic data, and computer information however stored, and whether stored on hard-drive, CD-roms, floppy discs or otherwise, pertaining or relating in any nature or manner whatsoever to any evidence received and/or tested by the West Virginia State Police and any of it's agents (including but not limited to, D.R. Francis, Stephen King, and Clarence R. Lane), and the results thereof, including, but not limited to, test of clothing, footwear, tangible evidence, and human beings, also gun, for D.N.A, blood spatter, and gunshot residue, from, or relating in any manner to each and every one of the following criminal cases:

1) State of West Virginia v. Keith M. Molineaux, Case No. 01- F-125/01-F-134, 135, 99M-25, Circuit Court of McDowell County, W.V, and Magistrate Court of McDowell County, W.V (or any case pertaining to Keith M. Molineaux from McDowell County whether under the preceding case number of otherwise);

2) State of West Virginia v. Thomas Eugene King, Case No. 01- F-126, Circuit Court of McDowell County, W.V, and Magistrate Court of McDowell County, W.V (or any case pertaining to Thomas Eugene King from McDowell County whether under the preceding case numbers of otherwise);

3) State of West Virginia v. Brandon Robert Britto, Case No. 01-F-127 and 01-F-136, 137, Circuit Court of McDowell County, W.V and Magistrate Court of McDowell county, W.V (or any case pertaining to Brandon Robert Britto

from McDowell County whether under perceding case numbers or otherwise); and

) State of West Virginia v. James Reginald Jones, II Case No. 01-F-128, Circuit Court of McDowell County, WV and Magistrate Court of McDowell County, WV (or any case pertaining to James Reginald Jones, II from McDowell county whether under the preceding case numbers or otherwise)

West Virginia State Police
725 Jefferson Road
South Charleston, West Virginia 25309-1698
Executive Office

Earl Ray Tomblin
Governor

Colonel C. R. "Jay" Smithers
Superintendent

May 9, 2011

Keith Martin Molineaux, Jr.
#30134
One Mountainside Way
Mt. Olive, WV 25185

RE: Subpoena Request

Dear Mr. Molineaux:

Please be advised that the Legal Division of the West Virginia State Police has received your Subpoena, and the same must be denied. Your request for information is too broad, as it does not contain Case Submission Numbers for the criminal cases listed on your request.

Please re-submit your request with more detail as to the specific documents you wish to obtain.

Sincerely,

Mendi Craddock

Mendi Craddock
Legal Assistant
West Virginia State Police