UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

KEITH MARTIN MOLINEAUX, JR.,

    Plaintiff,

v.                              Case No. 2:11-cv-00811

SORAYA McCLUNG, Laboratory Director,
West Virginia State Police Forensic Laboratory,
D.R. FRANCIS, STEPHEN KING,
and CLARENCE R. LANE,

    Defendants.

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the court is a complaint filed by the movant on October 1, 2011, in which he seeks enforcement of a subpoena related to his pending State habeas corpus case, *State ex rel. Molineaux v. McBride, Warden*, No. 04-C-221-RJMII (Cir. Ct. McDowell Cty, W.Va.).  In the event that the West Virginia State Police Forensic Laboratory refuses to comply with the requested court order, the plaintiff wants his two murder convictions set aside.  (Complaint, ECF No. 1, at 5.)  On November 7, 2011, the plaintiff provided additional documentation describing the laboratory reports that he wants.  (ECF No. 6.)  On November 16, 2011, the presiding District Judge received additional documents from the plaintiff in which he swears to his innocence; these documents have not been placed in the court file as they are unnecessary to resolution of this matter.

The subpoena was mailed to the laboratory in April, 2011.  According to correspondence attached to the Complaint, the laboratory denied producing documents

because the subpoena "does not contain Case Submission Numbers for the criminal cases listed on [his] request."  (ECF No. 1, at 12.)  There appears to be some confusion on the matter because West Virginia State Police Case Submission Numbers are not the same numbers which a circuit court of a particular county assigns to a given criminal case.  In any event, this federal court lacks jurisdiction to enforce a subpoena issued in an ongoing proceeding in a state court.  If the plaintiff wishes to attempt to enforce the subpoena, he must file an appropriate motion in his habeas corpus case in state court.

The undersigned proposes that the presiding District Judge **FIND** that the plaintiff's complaint fails to state a claim upon which relief can be granted and is legally frivolous.  For that reason, it is respectfully **RECOMMENDED** that the District Court dismiss this action with prejudice as frivolous and **DENY** the plaintiff's Application to Proceed without Prepayment of Fees and Costs (ECF No. 4).

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S.

140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to Judge Johnston.

    The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff and to John A. Hoyer, counsel for the State Police.

November 29, 2011

Mary E. Stanley
United States Magistrate Judge