IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

KEITH MARTIN MOLINEAUX, JR.,

        Plaintiff,

v.                             CIVIL ACTION NO. 2:11-cv-00811

SORAYA MCCLUNG, et al.

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff Keith Martin Molineaux, Jr.'s complaint filed on October 31, 2011, in which he seeks enforcement of a subpoena related to his currently pending state habeas corpus proceeding. The subpoena seeks evidence reports from the West Virginia State Police Forensic Laboratory related to Plaintiff's 2001 murder conviction. According to Plaintiff, the WVSP Forensic Laboratory withheld certain information from the reports when they were produced in a precursor case to this one, *Molineaux v. West Virginia State Police*, Case No. 2:10-cv-00940. (Docket 1 at 5.) The specific relief Plaintiff Molineaux seeks in his complaint is enforcement of a subpoena filed in McDowell County Circuit Court in 2011 seeking all written materials from the WVSP Forensic Laboratory concerning Plaintiff's case and his co-defendants' cases. The WVSP Forensic Laboratory responded to the subpoena, stating that the requests were too broad and did not include case submission numbers. (Docket 1 at 12.) Plaintiff was invited to re-submit his request to the WVSP Forensic Laboratory with more detail as to the specific documents he desires to obtain. (*Id.*)

On October 31, 2011, pursuant to standing order in this district, the complaint was referred to United States Magistrate Judge Mary E. Stanley for submission of proposed findings and a recommendation for disposition (PF&R). Magistrate Judge Stanley filed her PF&R on November 29, 2011, in which she recommends dismissing the complaint for lack of federal subject matter jurisdiction. (Docket 8 at 2-3.) She states that "this federal court lacks jurisdiction to enforce a subpoena issued in an ongoing proceeding in a state court" and that "[i]f the plaintiff wishes to attempt to enforce the subpoena, he must file an appropriate motion in his habeas corpus case in state court." (*Id.*) Plaintiff Molineaux filed timely objections to the PF&R, in which he states that "[i]f possible, the plaintiff waive [sic] any right to [sic] the circuit court to rule in this civil complaint." (Docket 11 at 1.) He further states that the state circuit court has been unresponsive to his "five different letters and two different motions."

Although the Court is sympathetic to Plaintiff's situation, the Magistrate Judge is correct to conclude that the federal district courts lack subject matter jurisdiction to enforce subpoenas relating to state habeas corpus proceedings. Principles of federalism and comity prevent this Court from intervening in the management of state habeas proceedings. The Magistrate Judge is also correct to advise Plaintiff Molineaux that his relief must come from the state courts. Alternatively, Plaintiff may request chain of custody information regarding all evidence tested by the WVSP Forensic Laboratory directly from that agency. Accordingly, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the PF&R in its entirety.

Since the Magistrate Judge filed her PF&R, Plaintiff Molineaux has filed or mailed to the Court approximately fifteen documents supplying records from his state criminal proceeding and habeas case, requesting appointment of counsel in this matter, and seeking the same records from

2

the West Virginia State Police Forensic Laboratory via civil discovery rules and federal Freedom of Information Act requests. Specifically pending before the Court are: (1) Motion for Appointment of Counsel and Request that all Records from Civil Subpoena Be Sent to Court [Docket 17]; (2) Motion for Production of Documents [Docket 18]; (3) Motion for Hearing [Dockets 19]; (4) Motion to Amend Complaint [Docket 20]; (5) Motion for Hearing and Appointment of Counsel [Docket 22]; and (6) Motion to Compel the Director of the Forensic Laboratory of the West Virginia State Police to Send the Court the Chain-of-Command of the Cases in the Freedom of Information Act [Docket 23]. Most recently, on April 17, 2012, Plaintiff wrote a letter accusing the Court of racism. (Docket 24.)

First, Mr. Molineaux is assured that his case was not neglected, intentionally or otherwise. Any delay in addressing this matter is due to the Court's management of its docket and not because of Plaintff's race (*See* Docket 24 at 2.) Until Mr. Molineaux divulged his race in rather colorful terms, the undersigned was unaware that Plaintiff is African-American. Second, the Court will address Plaintiff's Motion to Amend Complaint [Docket 20]. In that motion, Plaintiff seeks to add a federal FOIA request enforcement claim to his complaint. However, as numerous courts have observed, the federal FOIA is applicable to agencies or departments of the federal government, and it is not applicable to agencies or departments of a state. *See* 5 U.S.C. § 551(1); *see also Grand Cent. P'ship v. Cuomo*, 166 F.3d 473, 484 (2d Cir. 1999) ("[I]t is beyond question that FOIA applies only to federal and not to state agencies"); *Philip Morris, Inc., v. Harshbarger*, 122 F.3d 58, 83 (1st Cir. 1997) ("FOIA . . . applies only to federal executive branch agencies."); *St. Michael's Convalescent Hosp. v. California*, 643 F.2d 1369, 1373 (9th Cir. 1981) (definition of "agency" under FOIA "does not encompass state agencies or bodies"). Thus, the amendment Plaintiff seeks will

3

result in a claim that fails from the outset as a matter of law. The Motion to Amend Complaint [Docket 20] is therefore **DENIED**. Likewise, the Motion to Compel the Director of the Forensic Laboratory of the West Virginia State Police to Send the Court the Chain-of-Command of the Cases in the Freedom of Information Act [Docket 23] is **DENIED**. Third, since Plaintiff's substantive claims are hereby **DISMISSED**, the remaining motions regarding appointment of counsel, hearing, and discovery [Dockets 17, 18, 19, 22] are **DENIED AS MOOT**.

In his correspondence, Mr. Molineaux repeatedly and emphatically asked the Court what he should do to achieve his desired result—that is, to obtain chain of custody information for certain evidence in his 2001 murder case. The State of West Virginia has a Freedom of Information Act which applies to state agencies. *See* W. Va. Code § 29B-1-1 *et seq.* Mr. Molineaux is free to seek relief pursuant to that statute in the appropriate forum. Mr. Molineaux is also advised that continued communication with the state agency itself may produce the result he seeks in a more direct manner. In any case, federal district courts are bodies of limited jurisdiction, meaning their power to hear disputes is limited to specific situations. This is not one of those situations.

Accordingly, the Court hereby takes the following actions:

- **ADOPTS** the PF&R [Docket 8];
- **DENIES** the Application to Proceed Without Prepayment of Fees [Docket 4];
- **DENIES** the Motion to Amend Complaint [Docket 20] and related Motion to Compel [Docket 23];
- **DENIES AS MOOT** the remaining motions [Dockets 17, 18, 19, 22];
- **DISMISSES** the complaint [Docket 1]; and
- **DISMISSES** this case from the docket.

A separate Judgment Order will enter this day implementing the rulings contained herein.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: May 22, 2012

_____

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE